IN THE UNITED STATES DISTRICT COURT OF DELAWARE

Brown,
  Plaintiff,

v.

Donovan,
  Defendant.

ORIGINAL

1:05-CV-254-JJF

FILED
JUL 14 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION TO STAY / OR DELAY PROCEEDINGS

Comes now Plaintiff, Jeron D. Brown moving this honorable court pursuant to Fed. Civil Rule 62(a)-(h) and applicable case law authority in the interest of justice to stay or delay the proceeding of this civil rights action for the following reasons:

1) The Plaintiff has standing to sue the Defendant for the injury's suffered due to the deficient and gross negligent conduct and intentional failures and omissions by the Defendant before and during a criminal trial he was payed to represent Plaintiff with competence and skill in the knowledge of law. A denial of Plaintiffs Sixth Amendment and Due Process of law. See Del. Const. Art. I, §6 and §7. KIMMELMAN V. MORRISON, 477 U.S. 365, 374 (1986); MCMANN V. RICHARDSON, 397 U.S. 759, 771 (1970); ALBURY V. STATE, 551 A.2D 53 (Del. 1988).

2) The Defendant is and was court appointed counsel during a criminal trial in Kent County Delaware for the Plaintiff, in which the Plaintiff was convicted by and only through Defendants gross negligence, breach of duty of care, recklessness, carelessness and other tort injurys on March 23, 05 after (14) months

OF UNNECESSARY TRIAL DELAYS AND INCARCERATION.

3). ON MAY 2nd 2005, THE PLAINTIFF RAISED CLAIMS BY LETTER TO THE SENTENCING JUDGE CONCERNING THE INEFFECTIVE ASSISTANCE OF COUNSEL AT PRE TRIAL STAGES AND AT TRIAL, AND REQUESTED APPOINTMENT OF NEW COUNSEL DURING THE SENTENCING PHASE AND APPEAL PROCESS.

4). ON MAY 26, 2005 PLAINTIFF APPEARED IN THE KENT COUNTY COURT HOUSE WITH THE NOTICE OF PENDING CIVIL ACTIONS BEING RAISED IN THE UNITED STATES DISTRICT COURT FOR LEGAL MALPRACTICE AND ADVISED DEFENDANT MR. DONOVAN OF SUCH ACTION BEFORE SENTENCING. MR. DONOVAN ADDRESSED THE SENTENCING COURT ON THIS MATTER AT HAND AND MY WISHES FOR NEW COUNSEL AND SUGGESTED TO THE COURT THE PLAINTIFF SHOULD ADDRESS THE COURT TO EXPLAIN FURTHER.

THE PLAINTIFF ADDRESS MANY FACTS SUPPORTING HIS CLAIMS OF COUNSEL MR. DONOVANS DEFICIENT PERFORMANCE BEFORE AND DURING TRIAL AND REQUESTED THE COURT TO RELEAVE MR. DONOVAN FROM REPRESENTATION. THE SUPERIOR COURT RESPONSE WAS SUCH CLAIMS SHOULD BE RAISED ON POST CONVICTION 61 AND CONTINUED THE INADEQUATE AND DEFICIENT PERFORMANCE OF COUNSEL DURING SENTENCE AND THE POSSIBILITY OF MISREPRESENTING THE CRIMINAL APPEAL. THE PLAINTIFF SUFFERS A MANIFEST INJUSTICE AND THE CONFLICT OF INTEREST IS ALIVE AND THE PLAINTIFF HAS NOT BEEN HEARD. THIS CRIMINAL APPEAL REST SOLELY IN DEFENDANTS EVIL HANDS. LET THE COURT BE AWARE OF DEFENDANTS PRE-TRIAL FAILURES TO INVESTIGATE, CALL AVAILABLE WITNESSES, MAKE AN OPENING STATEMENT AT TRIAL, CROSS EXAMINE STATES WITNESSES WITH EVIDENCE OF BIAS, PREJUDICE AND IMPEACHMENT EVIDENCE IN THE DEFENSE POSSESSION DURING THE CRIMINAL TRIAL.

5). THE DEFENDANT HAS NOT COMMUNICATED WITH THE PLAINTIFF THROUGHOUT THE START OF THIS CRIMINAL STAGE AND NOW DEFENDANT IS ALLOWED TO FORMULATE PLAINTIFF'S CRIMINAL APPEAL ESTABLISHES UNFUNDAMENTAL FAIRNESS AND UNFAIRNESS OF THE ADMINISTRATION OF JUSTICE. THE RIGHT TO COUNSEL IS A FUNDAMENTAL RIGHT OF CRIMINAL DEFENDANT'S, IT ASSURES THE FAIRNESS, AND THUS THE LEGITIMACY, OF OUR ADVERSARY PROCESS. THE PLAINTIFF HAS A LIFE AND LIBERTY INTEREST IN THE SIXTH AMENDMENT OF U.S. CONSTITUTION AND THE DELAWARE CONSTITUTION ART. I, § 6 AND § 7.

6). THE PLAINTIFF REQUEST THAT THIS COURT STAY OR DELAY THIS CIVIL PROCEEDING FOR, BUT NOT LIMITED TO SIX MONTH'S. PLAINTIFF BELIEVES THAT DEFENDANT SUBMISSION OF PENDING CRIMINAL APPEAL WILL BE A MERE PRESENTATION OF ISSUES AND NOT COUNSEL ARGUING ALL THE ISSUES, SINCE THE DEFENDANT IS SOMEWHAT REPRESENTING PLAINTIFF'S APPEAL IN THE SUPREME COURT OF DELAWARE CRIMINAL PROCEEDING NO. 274, 2005, WHICH HAS NOT CAME TO AN JUDICIAL DECISION AND IT WILL INVOLVE A CHAIN IN THE FUTURE IN THIS CIVIL ACTION.
   THE PLAINTIFF REQUEST A STAY OR DELAY OF THE PROCEEDING'S IN FAIRNESS TO ALL PARTIES.

7). THE PLAINTIFF HAS NOT BEEN INFORMED OF DEFENDANT'S ISSUES FOR APPEAL, NOR HAS DEFENDANT ANSWERED ANY OF THE PLAINTIFF'S CORRESPONDENCES SINCE PRE TRIAL STAGES REQUESTING DOCUMENTATIONS RELATING TO THIS CRIMINAL CASE, THE ONGOING CRIMINAL APPEAL NEEDS TO BE RESOLVED BEFORE THE DEFENDANT ANSWERS THE CIVIL COMPLAINT. NO MATTER THE OUTCOME, THE PLAINTIFF WILL CONTINUE TO SEEK CIVIL ACTION AGAINST DEFENDANT FOR THE INTENTIONAL INFLICTION OF DISTRESS, GROSS NEGLIGENCE, BREACH

of duty of care and many other tort's and constitutional violations. Since the criminal appeal process is alive through the defendants obligations against the rules of actual conflict of interest overlooked by the sentencing court, it would be premature for this court to order service of process.

8). The Plaintiff is also under conditions of inadequate law library in D.C.C.. The building Plaintiff is housed within are only allowed two days a week and one hour each day for research. Many days spent in the law library last for only (45) minutes. It is very hard to research and accomplish legal issues with case law support.

## Conclusion

Therefore, Plaintiff pray's that this court grant a stay or delay the proceedings of this civil right's action in the interest of justice and a fair playing field. Plaintiff is Pro se' and needs time for the judicial decision of the Supreme Court, concerning the criminal appeal and to disput any issue of summary judgment by the defendant. Motion to stay or delay proceedings should be granted.

Respectfully Submitted

Jeron D. Brown

Date: July 12th 2005

Jeron D. Brown #162962
D.C.C.
1181 Paddock Road
Smyrna, De. 19977

STATE OF DELAWARE )
                  ) SS
COUNTY OF NEW CASTLE )

AFFIDAVIT OF: JERON D. BROWN
DATED: 7-1-05

## AFFIDAVIT

I, JERON D. BROWN, being first duly sworn deposes and says that the foregoing statement is a true and correct observation of what occurred on the above date herein at/in D.C.C. MHU 22 located in the Delaware Correctional Center, Smyrna, Delaware, in that I was a part of or witnessed the incident described herein. I would clearly state under penalty of perjury of the laws of the State of Delaware.

THAT ON MAY 26, 2005 I ALLEGED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DURING SENTENCING AND REVEALED TO THE KENT COUNTY COURT THE PENDING CIVIL RIGHTS ACTION AGAINST TRIAL COUNSEL MR. THOMAS D. DONOVAN. STATING ON COURT RECORD THE deficient AND INADEQUATE PERFORMANCE OF COUNSEL LEAD TO THE CONVICTION OF BROWN. THE SENTENCING COURT ALLOWED MR. DONOVAN TO CONTINUE REPRESENTATION AT SENTENCING AND ON THE PENDING CRIMINAL APPEAL, AGAINST THE LIVE CONFLICT OF INTEREST. I STATE THAT IT IS ESTABLISHED ON COURT RECORD MANY COMPLAINTS AGAINST THIS COUNSEL BEFORE AND AFTER TRIAL. THE SENTENCING COURT ABUSED IT DISCRETION WHEN failing TO APPOINT NEW COUNSEL.

Affiant: /s/ Jeron Brown
Signature
JERON BROWN
Print Name
Delaware Correctional Center
Smyrna, DE. 19977

SWORN TO AND SUBSCRIBED before me this 6th day of July, 2005.

My Commission Expires:
6-17-06

Notary Public

## Certificate of Service

I, __JERON D. BROWN__, hereby certify that I have served a true and correct cop(ies) of the attached: __MOTION TO STAY OR DELAY CIVIL PROCEEDINGS.__ upon the following parties/person (s):

TO: __THE UNITED STATES DISTRICT COURT OF DELAWARE 844 N. KING STREET Wilm, De. 19801__

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this __12th__ day of __July__, 2005

__Jeron D. Brown__